UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRADLEY WAYNE CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-CV-00051-NCC |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Deputy Commissioner of Operations, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Bradley Wayne Cain ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 20), Defendant has filed a brief in support of the Answer (Doc. 25), and Plaintiff has filed a reply brief in support of the Complaint (Doc. 30). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 10).

### I. PROCEDURAL HISTORY

Plaintiff filed his application for SSI on April 11, 2014 (Tr. 158-69). Plaintiff was initially denied on May 23, 2014, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") on September 18, 2013 (Tr. 91-94, 97-99). After a hearing, by decision dated April 22, 2016, the ALJ found Plaintiff not disabled (Tr. 17-31). On May 26, 2017, the Appeals Council denied Plaintiff's request for review (Tr. 1-6). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 28, 2014, the application date (Tr. 22). The ALJ found Plaintiff has the severe impairments of avascular necrosis[1] of the bilateral hips, status post total right hip arthroplasty,[2] and degenerative disc disease, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 22-23).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations (Tr. 23). He can perform occasional lifting up to 20 pounds and frequent lifting and carrying of up to 10 pounds (*Id.*). He can stand or walk four hours of an eight-hour workday and can sit six hours of an eight-hour workday (*Id.*). He requires a sit-stand option to sit for five minutes every hour if standing or stand for five minutes every hour if sitting, while remaining on-task and at the workstation (*Id.*). Plaintiff cannot climb ladders, ropes, or scaffolds (*Id.*). He can perform work that does not require more than occasional climbing of ramps or stairs, stooping, kneeling, crouching, or crawling (*Id.*). He should avoid concentrated exposure to vibration and work hazards such as unprotected heights or dangerous moving machinery (*Id.* at 23-24). The ALJ found Plaintiff unable to perform any past relevant work (Tr. 26). The ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including bench assembler, folding machine operator, and garment sorter (Tr. 27-28). Thus, the

---

[1] Avascular necrosis is defined as necrosis resulting from deficient blood supply. Stedmans Medical Dictionary, 589610 (2014).

[2] Otherwise known as a total hip replacement. *See* Stedmans Medical Dictionary, 76210.

ALJ concluded that a finding of "not disabled" was appropriate (Tr. 28). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

3

establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. §§ 416.920(g), 404.1520(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.  If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant."  *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").  Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence.  *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).  *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo.  *Cox*, 495 F.3d at 617.  Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to

support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff generally asserts that the ALJ erred in his RFC determination. Specifically, Plaintiff argues that the ALJ's decision that Plaintiff may perform light work is not based on substantial evidence (Doc. 20 at 5). For the following reasons, the Court finds that Plaintiff's argument is without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

The Regulations define RFC as "what [the claimant] can do" despite his "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney*, 228 F.3d at 863). *See also Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013). To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still do despite his impairments. *Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995). "Although it is the ALJ's responsibility to determine the claimant's RFC, the burden is on the claimant to establish his or her RFC." *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) (internal citations omitted).

A "claimant's residual functional capacity is a medical question." *Lauer*, 245 F.3d at 704 (quoting *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)). The Eighth Circuit clarified in *Lauer* that "[s]ome medical evidence . . . must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace[.]" 245 F.3d at 704 (quoting *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam) and *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)). Thus, an ALJ is "required to consider at least some supporting evidence from a professional." *Id. See also Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) ("The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some

6

medical evidence must support the determination of the claimant's RFC."); *Eichelberger*, 390 F.3d at 591.

As a preliminary matter, the Court will address Plaintiff's assertion that the ALJ's findings that Plaintiff could walk or stand for only four hours of an eight-hour work day are inconsistent with the Social Security Administration's policy regarding light work. Specifically, Plaintiff argues that when an ALJ determines a claimant is able to do light work but limits the claimant to two hours of walking or standing, then the proper determination is one of sedentary work (Doc. 20 at 9). Plaintiff maintains that if the ALJ determined he could only perform sedentary, rather than light, work he would then be considered disabled (*Id.* at 5). However, the Court finds the ALJ's determination is not inconsistent with the definition of light work under 20 C.F.R. § 416.967(b). The regulation defines light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a **full or wide range of light work**, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b) (emphasis added). While "[t]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," SSR 83-10 specifically discusses the *maximum* standing and walking requirement per each exertional level of work. SSR 83-10, 1983 WL 31251, at *5-6 (1983). Here, the ALJ determined that Plaintiff was unable to perform the full or wide range of light work; she found that Plaintiff has the capacity to perform light work but with limitations (Tr. 23). One such limitation was that Plaintiff can stand or walk *four* hours of an eight-hour workday (*Id.*). Regardless, courts from

7

this circuit "have found that a two hour standing or walking limitation is consistent with the definition of a reduced range of light work." *See Torres v. Berryhill*, No. CV 15-4416 (JRT/TNL), 2017 WL 1194198, at *3 (D. Minn. Mar. 30, 2017) (citing cases). Thus, the Court finds that the ALJ's determination that Plaintiff is limited to stand or walk for four hours is consistent with the controlling regulatory definition of light work.

Next, the ALJ properly supported her RFC determination with substantial evidence including "some" medical evidence. In making a disability determination, the ALJ shall consider the medical opinions in the case record together with the rest of the relevant evidence in the record. 20 C.F.R. § 416.927. "The amount of weight given to a medical opinion is to be governed by a number of factors, including the examining relationship, the treatment relationship, consistency, specialization, and other factors." *Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003) (citing 20 C.F.R. § 404.1527(d)).

First, the ALJ properly weighed the opinion evidence of record. Specifically, the ALJ gave "partial weight" to the opinion of consultative examiner Rob Miley, D.O. ("Dr. Miley") (Tr. 26, 240-50). In his report resulting from a consultative examination dated May 3, 2014, Dr. Miley opined that Plaintiff can stand and walk six out of eight hours with regular five-minute breaks every hour (Tr. 249). He further opined that Plaintiff could not carry more than 20 pounds occasionally and less than 10 pounds frequently and should be limited in his bending, stooping, crouching, and squatting to occasional (*Id.*). The ALJ found Dr. Miley's opinion regarding Plaintiff's ability to stand or walk during an eight-hour work day to be inconsistent with Plaintiff's subsequent hip impairment and, therefore, the ALJ more severely limited Plaintiff to four hours of standing or walking per eight-hour workday (Tr. 26). Indeed, as noted by the ALJ, in April 2015, Plaintiff underwent right total hip arthroplasty surgery as a result of

his avascular necrosis (Tr. 25, 354-65).  A consulting expert's opinion is generally entitled to less weight and will normally not constitute substantial evidence, particularly where the opinion is inconsistent with the record as a whole. *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000). The ALJ further determined that Dr. Miley's opinion limiting Plaintiff to lifting less than 10 pounds frequently to be inconsistent with Plaintiff's own testimony that he can generally lift 15 pounds and has no difficulty lifting and carrying a 12-pack of beer (Tr. 26, 43-44, 48).  An ALJ may discount a physician's opinion when it is inconsistent with a plaintiff's activities of daily living. *Petty v. Colvin*, No. 4:13CV00172 JTK, 2014 WL 3734570, at *3 (E.D. Ark. July 28, 2014). *See also cf. Kroger v. Astrue*, No. CIV. 11-4012-KES, 2012 WL 5363479, at *2 (D.S.D. Oct. 30, 2012) (finding the ALJ inappropriately rejected the opinion of plaintiff's treating physician in part because the physician's opinion was consistent with plaintiff's activities of daily living).

The ALJ also considered and properly weighed the opinion of Norman Clarkson, D.O. ("Dr. Clarkson") (Tr. 26, 392).  Upon examination, Dr. Clarkson opined, "I am unable to ascertain any physical evidence at this time of any anatomical variant causing him disability" (Tr. 392). The ALJ afforded Dr. Clarkson's opinion "little weight" (Tr. 26).  In doing so, the ALJ noted that the opinion was from September 2010, a date very remote from Plaintiff's amended alleged onset date of March 28, 2014, and found that "Dr. Clarkson's opinion has little to no relevance in assessing the [Plaintiff's] functional abilities within the period relevant to this case" (Tr. 26).  An ALJ may properly consider the timing of an opinion. *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997) (ALJ properly discounted treating physician's opinion that was several years removed from the time period relevant to claimant's Social Security application).  Further, the Court notes that a physician's opinion regarding the ultimate issue of disability is often not

9

entitled to significant weight. *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017). *See also* 20 C.F.R. § 416.927(d) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Next, the ALJ also considered the opinion of state agency psychological consultant Mark Altomari, Ph.D. ("Dr. Altomari") (Tr. 26, 83-84). State agency medical consultants are highly qualified experts in Social Security disability evaluation. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). *See also Kamann v. Colvin*, 721 F3d 945, 951 (8th Cir. 2013) (State agency psychologist's opinion supported ALJ's finding that claimant could work despite his mental impairments); *Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) (finding ALJ did not err in considering State agency psychologist's opinion along with the medical evidence as a whole). In a case analysis dated May 14, 2014, Dr. Altomari opined that, "[t]here is no evidence to suggest [Plaintiff] is suffering from a severe mental [medically determinable impairment] at this time and no further development is needed" (Tr. 83). The ALJ afforded Dr. Altomari's opinion "significant weight," finding it consistent with a 2010 psychological evaluation in which the examiner provided no mental diagnosis (Tr. 26, 83). Although the 2010 psychological evaluation is not a part of the current record, the ALJ properly noted that while Plaintiff indicated that he had problems with memory, concentration, and understanding in his function report (Tr. 207), he did not raise any mental impairments in his application or during his hearing testimony (Tr. 26, 38, 185).

Second, the ALJ appropriately assessed Plaintiff's credibility. Specifically, the ALJ found that "the record does not reflect evidence that is entirely consistent with the [Plaintiff's] allegations of limitations" (Tr. 25). In so doing, the ALJ conducted a full and thorough review of the very limited medical evidence, finding that the evidence of record failed to support a greater

limitation than found in the residual functional capacity (*See* Tr. 24-26). The ALJ noted relatively normal objective findings including findings of a steady gait; no difficulty getting up and down from the examination table, walking on heels and toes, tandem walking or standing on one leg; ability to remove and replace his shoes; full range of motion of his spine; and negative straight leg test (Tr. 248-49, 323). After Plaintiff's hip surgery, as noted by the ALJ, follow up indicated that he was doing well after the surgery (Tr. 25, 350, 398-402). "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). To the extent the Plaintiff identifies records that support Plaintiff's allegations, "[i]f substantial evidence supports the decision, then we may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if we may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

The ALJ also found Plaintiff's reported limitations to be inconsistent with his "substantial" activities of daily living (Tr. 25). For example, as noted by the ALJ, Plaintiff reported in his May 5, 2014 Function Report that he does laundry, prepares meals daily, shops, drives, vacuums, and washes the dishes (Tr. 26, 202-09). The ALJ further indicated the Plaintiff reported performing recommended exercises and riding his bike twice per day for 30 minutes until cold weather prevented him from continuing (Tr. 26, 69-70). *Bernard v. Colvin*, 774 F.3d 482, 489 (8th Cir. 2014) (holding that plaintiff's ability to ride his bicycle was inconsistent with allegations of disabling foot cramps). *See also Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017) ("[t]he inconsistency between [the claimant's] subjective complaints and evidence regarding her activities of daily living also raised legitimate concerns about her credibility.").

Therefore, the Courts finds that the ALJ properly determined Plaintiff's RFC because it was based on all relevant evidence, including the medical records, observations of physicians and others, and the Plaintiff's own description of his limitations. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009).

Finally, Plaintiff briefly argues that the jobs identified by the vocational expert ("VE") are more properly classified as jobs at the sedentary exertional level rather than the light exertional level (Doc. 20 at 9). However, as previously addressed, the Court finds the ALJ's RFC determination to be consistent with the relevant evidence of record. Accordingly, as the ALJ appropriately included the restrictions as indicated in his RFC determination in the hypothetical question to the vocational expert, the Court finds that the hypothetical which the ALJ submitted to the vocational expert was proper, the ALJ properly relied on the vocational expert's testimony that there were jobs existing in significant numbers which Plaintiff could perform, and Plaintiff's arguments to the contrary are without merit (*See* Tr. 27-28, 60-65). *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) ("A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ.").

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 13th day of September, 2018.

                                              /s/ Noelle C. Collins
                                             NOELLE C. COLLINS
                                             UNITED STATES MAGISTRATE JUDGE